**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 13 |
| | ) | |
| Girardeau L. Bynum & | ) | Case No. 12-10660 |
| Monique L. Bynum | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| Girardeau L. Bynum & | ) | Adversary No. 12-2031 |
| Monique L. Bynum | ) | |
| | ) | |
| Plaintiffs | ) | |
| vs. | ) | |
| | ) | |
| CitiMortgage, Inc. | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

**MEMORANDUM OPINION REGARDING DEFENDANT'S MOTION TO DISMISS**

This matter came before the Court on July 12, 2012 upon the Motion to Dismiss (the "Motion") filed by CitiMortgage, Inc. ("CitiMortgage") on June 6, 2012. The Motion sought to dismiss the Complaint for Valuation filed by Giradeau and Monique Bynum (the "Debtors") on May 7, 2012. Brian R. Anderson appeared on behalf of CitiMortgage, J. Marshall Shelton appeared on behalf of the Debtors, and Michael D. West appeared in his capacity as the United Stated Bankruptcy Administrator. As the Court announced at the end of the hearing, the Motion shall be granted and the Complaint shall be dismissed. This opinion further explains the basis for the Court's ruling.

I. JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C.

§§ 151, 157 and 1334, and Local Rule 83.11 of the United States District Court for the Middle District of North Carolina.  This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2), which this Court has the jurisdiction to hear and determine.

## II.  RULE 12(B)(6) STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Rule 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In Twombly, the Supreme Court announced a new standard to replace the traditional notice pleading standard, holding that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id.  The Court held that it did "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  Id. at 570; see also Giarrantano v. Johnson, 521 F.3d 298, 304 (4th Cir. 2008) (applying Twombly's plausibility standard).

In Iqbal, the Supreme Court further discussed this plausibility standard:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

Pursuant to Iqbal, courts are to employ a two-part inquiry. The Third Circuit described this process as follows:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted); see also In re Caremerica, Inc., 409 B.R. 737, 747 (Bankr. E.D.N.C. 2009) (employing the two-pronged analysis of Fowler).

## III. ANALYSIS

On May 6, 2012, the Debtors filed a Chapter 13 bankruptcy in the Middle District of North Carolina. The Debtors own and reside in a residence located at 1505 Dunbar Street, Greensboro, North Carolina. The property is subject to a deed of trust held by CitiMortgage, which secures an indebtedness of $100,089 (the "Deed of Trust"). The Debtors allege that the value of the residence does not exceed $23,500, and they seek to modify the secured claim of CitiMortgage by reducing it to $23,500 and treating the balance of CitiMortgage's claim as being unsecured. The Debtors contend that this relief is available in spite of Section 1322(b)(2) of the Bankruptcy Code[1] because "[u]nder the terms of the Deed of Trust, Escrow Funds are pledged as additional security." (Complaint for Valuation 2). According to the Complaint, the claim of CitiMortgage is secured not

---

[1] Section 1322(b)(2) provides that a Chapter 13 plan may "modify the rights of holders of secured claims" but not "a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2).

only by a security interest in the Debtors' residence, but also by "Escrow Funds," and therefore is not protected from modification by Section 1322(b)(2). CitiMortgage denies that the Deed of Trust creates a security interest in any collateral other than the residence and seeks to dismiss the Complaint pursuant to Rule 12(b)(6).

The Debtors rely on Section 3, Paragraphs 4 and 5 of the Deed of Trust, which is a uniform Fannie Mae/Freddie Mac deed of trust.   It states:

> If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess of funds in accordance with RESPA. If there is a shortage of Funds held in Escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.
>
> Upon payment of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

The Debtors argue that Section 3, Paragraph 5, read together with the preceding paragraph, constitutes the granting of a security interest in Escrow Funds, and the Complaint should therefore withstand the Motion. The Court has examined the language cited by the Debtors and disagrees–nothing in the language cited by the Debtors suggests that a security interest has been created in Escrow Funds. Under the Uniform Commercial Code, the creation of a security interest in any property requires the debtor to authenticate a security agreement that contains a description of the collateral. N.C. Gen. Stat. § 25-9-203(b) (2011). The security agreement must show the intention of the parties to create a security interest through "language in the instrument which 'leads to the logical conclusion that it was the intention of the parties that a security interest be created.'" Evans v. Everett, 279 N.C. 352, 359, 183 S.E.2d 109, 113 (1971) (quoting In re Nottingham, 6 U.C.C. Rep. 1197, 1199 (D. Tenn. 1969)). The language cited by the Debtors does not contain the

elements required to create a security interest in Escrow Funds under North Carolina law, and therefore the Complaint does not state a claim on which relief can be granted.

Notably, the Deed of Trust is substantially different from the deeds of trust at issue in prior decisions from this district. Such opinions have recognized a debtor's ability to modify a lender's secured claim on the grounds that the deed of trust claimed a security interest in escrow funds. See, e.g., In re Bradsher, 427 B.R. 386 (Bankr. M.D.N.C. 2010). Unlike the FHA North Carolina Deeds of Trust modeled after the HUD Model Mortgage Form at issue in those cases, the Deed of Trust in this case is a standard uniform Fannie Mae/Freddie Mac North Carolina Deed of Trust. An identical Fannie Mae/Freddie Mac deed of trust was recently before the court in Mullins v. Wells Fargo Bank, Adv. No. 11-2049 (Bankr. M.D.N.C. July 3, 2012). In Mullins, Judge Stocks considered the very language cited by the Debtors and determined that nothing "in the escrow provisions found on pages five and six of the deed of trust purport[s] to create a security interest in escrow funds to be paid to the plaintiffs." This Court adopts the reasoning in Mullins, and finds that the language does not create a security interest in escrow funds.

## IV.  CONCLUSION

The Complaint fails to state a claim upon which relief can be granted. Contrary to the Debtors' allegations, escrow items are not pledged as additional security in the Deed of Trust and Section 1322(b)(2) bars modification of the CitiMortgage claim. The Motion is GRANTED, and the Complaint is DISMISSED.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.